ID# E-HXWLR4MV-PTD
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**24-A-319**
**JAN 19, 2024 02:24 PM**
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24-A-319

$198.00 COST PAID

Moreno-Esquivel , Juan

**PLAINTIFF**

**VS.**

Werner Enterprise, Inc
Ace American Insurance Company
Echeverri, Oscar

**DEFENDANTS**

**SUMMONS**

TO: ACE AMERICAN INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Romi Jayswal**
**Deochand & Jayswal Law Group**
**1430 W Peachtree St NW**
**Suite 100**
**Atlanta, Georgia 30309**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 23rd day of January, 2024.**

Clerk of State Court

STATE COURT OF COBB COUNTY, GEORGIA

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia



EXHIBIT A

ID# E-HXWLR4MV-DHF
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-319
JAN 19, 2024 02:24 PM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JUAN MORENO-ESQUIVEL<br><br>Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISE, INC., ACE AMERICAN INSURANCE COMPANY, and OSCAR ECHEVERRI,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION<br>FILE NO.: |

**COMPLAINT**

COMES NOW Juan Moreno-Esquivel, Plaintiff, and makes and files this complaint against Defendants Werner Enterprises Inc., Ace American Insurance Company, and Oscar Echiverri as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff Juan Moreno-Esquivel is a citizen of the State of Georgia and resides in Georgia and is subject to the jurisdiction of this court.

2.

Defendant Werner Enterprises Inc. ("Werner Enterprises") is a foreign corporation, existing under the laws of the State of Nerbraska with its principal place of business in the State of Nerbraska, is authorized to transact business in the State of Georgia, and Werner Enterprises may be served by delivering a copy of the summons and complaint on Corporate Creations Network INC. at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30006 and is subject to the jurisdiction of this court.

3.

Defendant Ace American Insurance Company. ("Ace American") is a foreign corporation, existing under the laws of the State of Michigan with its principal place of business in the State of Texas, and is authorized to transact business in the State of Texas, and may be served by delivering a copy of the summons and complaint on CT Corporation System at 289 Culver Street, Lawrenceville, Georgia 30046 and is subject to the jurisdiction of this court.

4.

Defendant Oscar Echiverri ("Echeverri") is a citizen of the State of Florida and and may be served with a copy of the Summons and Complaint at his home address of 17817 Sailfish Dr Apt D Lutz, FL 33558 and is subject to the jurisdiction of this court.

**BACKGROUND**

5.

On or about January 24, 2022, Plaintiff Juan Moreno-Esquivel was travelling on I-85 south, near it's exit with flat shoals road, in the second lane from the very left.

6.

At the same time, Defendant Echeverri was driving a tractor-trailer on I-85 south, directly beside the Plaintiff's vehicle in the lane immediately to his right.

7.

Defendant's tractor-trailer abruptly came into lane of travel of Plaintiff's vehicle and Defendant's trailer collided into the Plaintiff's vehicle.

8.

As a result of the collision, Plaintiff suffered has suffered from a plethora of symptoms including but not limited to his shoulder pain.

**COUNT I – NEGLIGENCE**

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

Defendant Echeverri was negligent in failing to maintain his lane of travel, in failing to keep a proper lookout, and in failing to act with due care for the vehicles around him.

11.

Defendant Echeverri was negligent for colliding with Plaintiff's vehicle.

12.

Defendant Echeverri's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

**COUNT II – IMPUTED LIABILITY**

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

At the time of the subject collision, Defendant Echeverri was under dispatch for Defendant Werner Enterprises.

15.

At the time of the subject collision, Defendant Echeverri was under the scope of employment for Defendant Werner Enterprises.

16.

At the time of the subject collision, Defendant Echeverri was operating his vehicle on behalf of Defendant Werner Enterprises.

17.

Defendant Werner Enterprises is an interstate or intrastate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Echeverri in regard to the collision described in this complaint under the doctrine of lease liability, vicarious liability, agency, or apparent agency.

**COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION**

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Werner Enterprises was negligent in hiring Defendant Echeverri and entrusting him to drive a commercial vehicle.

20.

Defendant Werner Enterprises was negligent in failing to properly train Defendant Echeverri.

21.

Defendant Werner Enterprises was negligent in failing to properly supervise Defendant Echeverri.

22.

Defendant Werner Enterprises' negligence in hiring Defendant Echeverri and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

**COUNT IV – DIRECT ACTION**

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendant Ace American is subject to a direct action as the insurer for Defendant Werner Enterprises pursuant to O.C.G.A. § 40-2-140.

25.

Defendant Ace American was the insurer of Defendant Werner Enterprises at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

26.

Defendant Werner Enterprises and Defendant Ace American are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

27.

Defendant Ace American is responsible for any judgment rendered against Defendant Werner Enterprises.

**COUNT V – DAMAGES**

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

As a result of Defendants' negligence, Plaintiff suffered a permanent and severe head injury resulting in migraines and vertigo.

30.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

31.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

**COUNT VI – PUNITIVE DAMAGES**

32.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

33.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover the full value of his past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recover for his permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

e. That Plaintiff recover such other and further relief as is just and proper

Respectfully submitted this 19th[st] day of January, 2024.

**Deochand & Jayswal Law Group, LLC**

***/s/ Romi Jayswal***
Romi K. Jayswal, Esq.
Ga. Bar No. 761444
Karina Deochand, Esq.
Ga. Bar No. 957703

Deochand & Jayswal Law Group, LLC
2970 Clairmont Rd, Suite 905
Atlanta, GA 30329
678-667-8420 (o)
678-829-0713 (f)
Litigation@DJLawTeam.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JUAN MORENO-ESQUIVEL<br><br>Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISE, INC., ACE AMERICAN INSURANCE COMPANY, and OSCAR ECHEVERRI,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION<br>FILE NO.: |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

TO: Defendants by and through its counsel of record.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Echeverri on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Echeverri from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Echeverri on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Echeverri on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of any lease, employment contract, or any other

documents regarding the employment status of Defendant Echeverri. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 970 Clairmont Road, Suite 905, Atlanta GA 30329, a copy of the bill of lading for any loads carried by Defendant Echeverri for the eight day period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

In regard to the load being transported at the time of the collision by Defendant Echeverri, identify:

(a) Where the load originated;

(b) The contents thereof;

(c) The weight of said load;

(d) The final destination of the load; and

(e) Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

9.

Was the Defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

10.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, the policy of insurance identified in response to Interrogatory No. 9. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Do you contend that Plaintiff or any non-party caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, any trip reports or dispatch records in regard to Defendant Echeverri for the two week period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont

Road, Suite 905, Atlanta GA 30329, a copy of all driver's logs or time cards for Defendant Echeverri for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Echeverri for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Echeverri on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by

Defendant Echeverri on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, a copy of Defendant Echeverri's driver's qualification file, including but not limited to:

(a) Application for employment;

(b) Copy of his CDL license;

(c) Driver's certification of prior motor vehicle accidents;

(d) Driver's certification of prior violations of motor vehicle laws;

(e) Driver's prior employment history;

(f) Carrier's inquiry into his driving record;

(g) Carrier's inquiry into his employment record;

(h) Documents regarding carrier's annual review of his driving record;

(i) Response of each state agency to carrier's annual inquiry concerning his driving record;

(j) Certification of driver's road test;

(k) Medical examiners certificate;

(l) Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m) Training certificates and training documents;

(n) Drug testing records; and

(o) Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Echeverri? If so, please state:

(a) The date of testing;

(b) Who performed the test;

(c) Where the test was performed; and

(d) The results of the test.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Echeverri. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If post-accident testing was not performed on Defendant Echeverri, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, the accident register for Defendant for the one year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Echeverri. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

29.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Echeverri.

30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of any printouts, records or documents produced by any

device identified in response to the preceding interrogatory for the six month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Describe the tractor operated by Defendant Echeverri at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

33.

Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

(a) The date of the violation;

(b) A description of the violation;

(c) The location where the violation occurred;

(d) The agency issuing the citation; and

(e) The ultimate disposition of the charges.

34.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, any document concerning any violation identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Has Defendant ever been disqualified or placed out-of-service? If so, please state for each instance.

(a) The dates of disqualification; and

(b) The reason for the disqualification

36.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Echeverri on the date of the incident referred to in the complaint for the one year period preceding the incident and six month period after the incident.

38.

State the extent of any training provided to Defendant Echeverri by this Defendant or any outside agency since the date of Defendant Echeverri's application for employment or the date he began driving for this Defendant, whichever came first.

39.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of any documents regarding any training received by Defendant Echeverri. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, any permits or licenses regarding the tractor and trailer driven by Defendant Echeverri and the load transported by Defendant Echeverri at the time of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Please explain the nature of the employment relationship between this Defendant and Defendant Echeverri (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

42.

With respect to Defendant Echeverri, please state the driver's mode of compensation.

43.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, the payroll information concerning said driver for the six (6)

months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

44.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

45.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Echeverri since the commencement of said driver's employment with this Defendant up and through the date of trial. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont

Road, Suite 905, Atlanta GA 30329, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Please identify all automobile accidents and moving violations for Defendant Echeverri prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

49.

Please state Defendant Echeverri's date of birth, social security number and driver's license #?

50.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Echeverri on the date of the incident.

51.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, copies of any downloadable data from any cellphone used by Defendant Echeverri on the date of this incident and any cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

52.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a) Was an eyewitness to the incident complained of in this action;

(b) Has some knowledge of any fact or circumstance upon which your defense is based;

(c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

53.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

54.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

55.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff? If so,

please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

56.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

57.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

58.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

59.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, any documents obtained through a request for production of

documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

60.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

61.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

62.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Deochand & Jayswal Law Group, LLC, 2970 Clairmont Road, Suite 905, Atlanta GA 30329, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**[SIGNATURE ON NEXT PAGE]**

This 24th day of January, 2024.

Respectfully Submitted,

**Deochand & Jayswal Law Group, LLC**

*/s/ Romi Jayswal*

Romi K. Jayswal, Esq.
Ga. Bar No. 761444
Karina Deochand, Esq.
Ga. Bar No. 957703

Deochand & Jayswal Law Group, LLC
2970 Clairmont Rd, Suite 905
Atlanta, GA 30329
678-667-8420 (o)
678-829-0713 (f)
Litigation@DJLawTeam.com

ID# E-HXWLR4MV-SJ5
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**24-A-319**
JAN 19, 2024 02:24 PM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of Cobb County

**For Clerk Use Only**

Date Filed 01-19-2024 (MM-DD-YYYY) Case Number 24-A-319

| Plaintiff(s) | Defendant(s) |
|---|---|
| Moreno-Esquivel, Juan | Werner Enterprise, Inc |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | Ace American Insurance Company |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | Echeverri, Oscar |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |

Plaintiff's Attorney Jayswal, Romi Bar Number 761444 Self-Represented ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_______________ Case Number  _______________ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_______________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_______________________________________________

Version 1.1.20

EXHIBIT A

ID# E-QK3KQ2JY-AFA
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-319
FEB 07, 2024 11:55 AM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JUAN MORENO-ESQUIVEL,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**WERNER ENTERPRISE, INC., ACE AMERICAN INSURANCE COMPANY, and OSCAR ECHEVERRI,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO.**<br><br>**24-A-319** |

**ANSWER AND CROSS-CLAIM OF ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

COMES NOW, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, upon whom service of the Summons and Complaint has been made, and without waiving any of it rights or defenses, but expressly subject thereto, files this its Answer and Cross-Claim pursuant to the authority granted by O.C.G.A. § 33-7-11, and shows the Court as follows:

**FIRST DEFENSE**

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has been served with a copy of the Summons and Complaint in this case, apparently on the theory of the Plaintiff that the Defendant is an uninsured motorist and that the uninsured motorist coverage provided to Juan Moreno-Esquivel**,** by ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY will be relied upon in this case. In this connection, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY states that for lack of sufficient information upon which to form a belief, it can neither admit or deny that the Defendant is an uninsured motorist within the purview of the statute referred to above, or that Plaintiffs are "insured" under the terms of said policy, nor does ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY admit the applicability of any of its coverage. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY does not waive its rights to contest coverage, but files this response because of service upon it of the Summons and Complaint.

**SECOND DEFENSE**

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY shows that the Plaintiff has no cause of action and has no right to proceed against it in this case in that Plaintiff has fully failed to perform the conditions precedent to maintaining this action in that Plaintiff has not obtained judgment against any person shown to be uninsured.

**THIRD DEFENSE**

The Plaintiff's Complaint fails to state a claim against ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY for which relief can be granted.

**FOURTH DEFENSE**

The Plaintiff has failed to perform certain conditions precedent to the bringing of this action, with the result that Plaintiff's is not entitled to recover of ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY.

**FIFTH DEFENSE**

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY answers the paragraphs of Plaintiff's Complaint as follows:

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, having been served in its capacity as Plaintiff's purported uninsured motorist carrier, is without knowledge sufficient to form a belief as to the truth of the allegations contained in Plaintiff's Complaint, as pled, and demands strict proof thereof.

**CROSSCLAIM**

**1.**

Defendants are subject to the jurisdiction of this Court.

**2.**

Defendants are liable to ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY for any and all sums ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY may be required to pay to Plaintiff(s), by judgment, settlement or otherwise, pursuant to O.C.G.A. §33-7-11.

**WHEREFORE**, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY prays that Plaintiff's Complaint be dismissed, with all costs cast against the Plaintiff, and for all further relief this Court deems just and proper.

LAW OFFICE OF MARCUS A. BLACKWELL

By: */s/ Sakeena Leben-Yearwood*
Sakeena L. Yearwood
Georgia Bar No. 377290
Email: sakeena.lebenyearwood@allstate.com
Attorney for Unnamed Uninsured Motorist Carrier

3200 Windy Hill Road SE, Suite 1525E
Atlanta, GA 30339-8554
(404) 538-1812

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JUAN MORENO-ESQUIVEL,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**WERNER ENTERPRISE, INC., ACE AMERICAN INSURANCE COMPANY, and OSCAR ECHEVERRI,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO.**<br><br>**24-A-319** |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this date served a copy of the within and foregoing ANSWER AND CROSSCLAIM OF ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY upon:

Romi K. Jayswal, Esquire (761444)
Karina Deochand, Esquire (957703)
DEOCHAND & JAYSWAL LAW GROUP, LLC
2970 Clairmont Rd Ste 905
Atlanta, GA 30329
Attorneys for Plaintiff

Werner Enterprise, Inc.
R/A: Corporate Creations Network Inc.
2985 Gordy Pkwy 1st Fl
Marietta, GA 30006
Co-Defendant Pro se

Ace American Insurance Company
R/A: CT Corporation System
289 Culver St
Lawrenceville, GA 30046
Co-Defendant Pro se

Oscar Echeverri
17817 Sailfish Dr Apt D
Lutz, FL 33558
Co-Defendant Pro se

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This 07th day of February, 2024.

LAW OFFICE OF MARCUS A. BLACKWELL

By: */s/ Sakeena Leben-Yearwood*

Sakeena L. Yearwood
Georgia Bar No. 377290
Email: sakeena.lebenyearwood@allstate.com
Attorney for Unnamed Uninsured Motorist Carrier

3200 Windy Hill Road SE, Suite 1525E
Atlanta, GA 30339-8554
(404) 538-1812

ID# E-2EQDCFQL-UVY
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-319
FEB 19, 2024 12:15 PM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JUAN MORENO-ESQUIVEL,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **24-A-319** |
| **WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and OSCAR ECHEVERRI,** | |
| **Defendants.** | |

**DEFENDANT ACE AMERICAN INSURNACE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, **ACE AMERICAN INSURANCE COMPANY**, Defendant in the above-styled action, and files this, its Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendant denies that any Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiffs.

**THIRD DEFENSE**

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiffs are not entitled to recover from Defendants.



EXHIBIT A

**FOURTH DEFENSE**

Plaintiffs, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiffs are not entitled to recover from Defendants.

**FIFTH DEFENSE**

Plaintiffs have failed to mitigate their damages and are therefore barred from recovery.

**SIXTH DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than Defendants. Therefore, Plaintiffs are barred from any recovery against Defendants.

**SEVENTH DEFENSE**

This Defendant cannot be held liable under the theory of *respondent superior* for unknown employees.

**EIGHTH DEFENSE**

This Defendant denies that it caused the Plaintiff to suffer any injury.

**NINTH DEFENSE**

Plaintiffs cannot recover to the extent that there was an intervening or superseding cause.

**TENTH DEFENSE**

This Defendant is not subject to direct-action liability.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs' damages are the result of a preexisting or otherwise unrelated medical condition.

**TWELFTH DEFENSE**

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

**THIRTEENTH DEFENSE**

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, which are therefore denied.

3.

This Defendant admits it is a company existing under the laws of the State of Pennsylvania and may be served via its registered agent CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046. This Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, which are therefore denied.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, which are therefore denied.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, which are therefore denied.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 8 above as if fully restated.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 12 above as if fully restated.

14.

This Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.

The allegations contained in Paragraph 17 are legal conclusions and do not require a response. If a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, which are therefore denied.

18.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 17 above as if fully restated.

19.

This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

This Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 23 above as if fully restated.

24.

This Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

This Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 27 above as if fully restated.

29.

This Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 31 above as if fully restated.

33.

This Defendant denies the allegations contained in Paragraph 33 of the Complaint.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and

inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

This 19th day of February, 2024.

**Quintairos, Prieto, Wood & Boyer, P.A.**

_/s/ Sandro Stojanovic_
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
FOSS BAKER
Georgia Bar No. 296402
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
foss.baker@qpwblaw.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JUAN MORENO-ESQUIVEL,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **24-A-319** |
| **WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and OSCAR ECHEVERRI,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Peach Court which will automatically send electronic notification to the following:

Romi Jayswal
Karina Deochand
Deochand & Jayswal Law Group, LLC
2970 Clairmont Road, Suite 905
Atlanta, GA 30329
Litigation@DJLawTeam.com

Sakeena L. Yearwood
Law Office of Marcus Blackwell
3200 Windy Hill Road SE Suite 1525 E
Atlanta, GA 30339
sakeena.lebenyearwood@allstate.com
*Counsel for Allstate Property & Casualty Ins. Co.*

This 19th day of February, 2024.



EXHIBIT A

**Quintairos, Prieto, Wood & Boyer, P.A.**

_/s/ Sandro Stojanovic_____________________

SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
FOSS BAKER
Georgia Bar No. 296402
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
foss.baker@qpwblaw.com

ID# E-ZEQDCFQL-U2J
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-319
FEB 19, 2024 12:15 PM
Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JUAN MORENO-ESQUIVEL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and OSCAR ECHEVERRI,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO.**<br><br>**24-A-319** |

**DEFENDANT OSCAR ECHEVERRI'S SPECIAL APPEARANCE ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, **OSCAR ECHEVERRI**, Defendant in the above-styled action, and without subjecting himself to the jurisdiction or venue of this Court and specifically raising the lack of jurisdiction, lack of venue, lack of service of process, and lack of service defenses, and files this, his Special Appearance Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendant denies that any Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiffs.



EXHIBIT A

**THIRD DEFENSE**

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiffs are not entitled to recover from Defendants.

**FOURTH DEFENSE**

Plaintiffs, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiffs are not entitled to recover from Defendants.

**FIFTH DEFENSE**

Plaintiffs have failed to mitigate their damages and are therefore barred from recovery.

**SIXTH DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than Defendants. Therefore, Plaintiffs are barred from any recovery against Defendants.

**SEVENTH DEFENSE**

This Defendant cannot be held liable under the theory of *respondent superior* for unknown employees.

**EIGHTH DEFENSE**

This Defendant denies that it caused the Plaintiff to suffer any injury.

**NINTH DEFENSE**

Plaintiffs cannot recover to the extent that there was an intervening or superseding cause.

**TENTH DEFENSE**

Plaintiffs' medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs' damages are the result of a preexisting or otherwise unrelated medical condition.

**TWELFTH DEFENSE**

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

**THIRTEENTH DEFENSE**

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, which are therefore denied.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, which are therefore denied.

4.

This Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, which are therefore denied.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, which are therefore denied.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 8 above as if fully restated.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 12 above as if fully restated.

14.

This Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.

The allegations contained in Paragraph 17 are legal conclusions and do not require a response. If a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, which are therefore denied.

18.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 17 above as if fully restated.

19.

This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

This Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 23 above as if fully restated.

24.

This Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

This Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 27 above as if fully restated.

29.

This Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 31 above as if fully restated.

33.

This Defendant denies the allegations contained in Paragraph 33 of the Complaint.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and

inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a) that he be discharged without cost or liability;

b) that he have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that he have such other relief as the Court deems just and proper.

This 19th day of February, 2024.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
FOSS BAKER
Georgia Bar No. 296402
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
foss.baker@qpwblaw.com



EXHIBIT A

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JUAN MORENO-ESQUIVEL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and OSCAR ECHEVERRI,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO.**<br><br>**24-A-319** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT OSCAR ECHEVERRI'S SPECIAL APPEARANCE ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Peach Court which will automatically send electronic notification to the following:

Romi Jayswal
Karina Deochand
Deochand & Jayswal Law Group, LLC
2970 Clairmont Road, Suite 905
Atlanta, GA 30329
Litigation@DJLawTeam.com

Sakeena L. Yearwood
Law Office of Marcus Blackwell
3200 Windy Hill Road SE Suite 1525 E
Atlanta, GA 30339
sakeena.lebenyearwood@allstate.com
*Counsel for Allstate Property & Casualty Ins. Co.*



EXHIBIT A

This 19th day of February, 2024.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
FOSS BAKER
Georgia Bar No. 296402
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
foss.baker@qpwblaw.com

ID# E-2EQDCFQL-XYQ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-319
FEB 19, 2024 12:15 PM
Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **JUAN MORENO-ESQUIVEL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and OSCAR ECHEVERRI,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO.**<br><br>**24-A-319** |

**DEFENDANT WERNER ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, WERNER ENTERPRISES, INC., Defendant in the above-styled action, and files this, its Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendant denies that any Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiffs.

**THIRD DEFENSE**

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiffs are not entitled to recover from Defendants.



EXHIBIT A

**FOURTH DEFENSE**

Plaintiffs, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiffs are not entitled to recover from Defendants.

**FIFTH DEFENSE**

Plaintiffs have failed to mitigate their damages and are therefore barred from recovery.

**SIXTH DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than Defendants. Therefore, Plaintiffs are barred from any recovery against Defendants.

**SEVENTH DEFENSE**

This Defendant cannot be held liable under the theory of *respondent superior* for unknown employees.

**EIGHTH DEFENSE**

This Defendant denies that it caused the Plaintiff to suffer any injury.

**NINTH DEFENSE**

Plaintiffs cannot recover to the extent that there was an intervening or superseding cause.

**TENTH DEFENSE**

Plaintiffs' medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs' damages are the result of a preexisting or otherwise unrelated medical condition.

**TWELFTH DEFENSE**

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

**THIRTEENTH DEFENSE**

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant admits it is a corporation existing under the laws of the State of Nebraska and can be served via its registered agent Corporate Creations Network Inc., 2985 Gordy Parkway, 1St Floor, Marietta, GA 30006. This Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, which are therefore denied.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, which are therefore denied.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, which are therefore denied.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, which are therefore denied.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 8 above as if fully restated.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 12 above as if fully restated.

14.

This Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.

The allegations contained in Paragraph 17 are legal conclusions and do not require a response. If a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, which are therefore denied.

18.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 17 above as if fully restated.

19.

This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

This Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 23 above as if fully restated.

24.

This Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

This Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 27 above as if fully restated.

29.

This Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 31 above as if fully restated.

33.

This Defendant denies the allegations contained in Paragraph 33 of the Complaint.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and

inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

This 19th day of February, 2024.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
FOSS BAKER
Georgia Bar No. 296402
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
foss.baker@qpwblaw.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JUAN MORENO-ESQUIVEL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and OSCAR ECHEVERRI,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO.**<br><br>**24-A-319** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT WERNER ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Peach Court which will automatically send electronic notification to the following:

Romi Jayswal
Karina Deochand
Deochand & Jayswal Law Group, LLC
2970 Clairmont Road, Suite 905
Atlanta, GA 30329
Litigation@DJLawTeam.com

Sakeena L. Yearwood
Law Office of Marcus Blackwell
3200 Windy Hill Road SE Suite 1525 E
Atlanta, GA 30339
sakeena.lebenyearwood@allstate.com
*Counsel for Allstate Property & Casualty Ins. Co.*

This 19th day of February, 2024.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
FOSS BAKER
Georgia Bar No. 296402
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
foss.baker@qpwblaw.com

ID# E-5XDDZFB3-MPE
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-319
MAR 14, 2024 03:24 PM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JUAN MORENO-ESQUIVEL,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **24-A-319** |
| **WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and OSCAR ECHEVERRI,** | |
| **Defendants.** | |

**DEFENDANT OSCAR ECHEVERRI'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, **OSCAR ECHEVERRI**, Defendant in the above-styled action, and files this, Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendant denies that any Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

**THIRD DEFENSE**

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from Defendants.



EXHIBIT A

**FOURTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiff is not entitled to recover from Defendants.

**FIFTH DEFENSE**

Plaintiff has failed to mitigate their damages and is therefore barred from recovery.

**SIXTH DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than Defendants. Therefore, Plaintiff is barred from any recovery against Defendants.

**SEVENTH DEFENSE**

This Defendant denies that it caused the Plaintiff to suffer any injury.

**EIGHTH DEFENSE**

Plaintiff cannot recover to the extent that there was an intervening or superseding cause.

**NINTH DEFENSE**

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

**TENTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiffs' damages are the result of a preexisting or otherwise unrelated medical condition.

**ELEVENTH DEFENSE**

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

**TWELTH DEFENSE**

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, which are therefore denied.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, which are therefore denied.

4.

This Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, which are therefore denied.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, which are therefore denied.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 8 above as if fully restated.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 12 above as if fully restated.

14.

This Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.

The allegations contained in Paragraph 17 are legal conclusions and do not require a response. If a response is required, this Defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, which are therefore denied.

18.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 17 above as if fully restated.

19.

This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

This Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 23 above as if fully restated.

24.

This Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

This Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 27 above as if fully restated.

29.

This Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

This Defendant re-raises and incorporates herein the responses contained in paragraphs 1 through 31 above as if fully restated.

33.

This Defendant denies the allegations contained in Paragraph 33 of the Complaint.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a) that he be discharged without cost or liability;

b) that he have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that he have such other relief as the Court deems just and proper.

This 14th day of March, 2024.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Foss Baker*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
FOSS BAKER
Georgia Bar No. 296402
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
foss.baker@qpwblaw.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JUAN MORENO-ESQUIVEL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and OSCAR ECHEVERRI,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO.**<br><br>**24-A-319** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT OSCAR ECHEVERRI'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Peach Court which will automatically send electronic notification to the following:

Romi Jayswal
Karina Deochand
Deochand & Jayswal Law Group, LLC
2970 Clairmont Road, Suite 905
Atlanta, GA 30329
Litigation@DJLawTeam.com

Sakeena L. Yearwood
Law Office of Marcus Blackwell
3200 Windy Hill Road SE Suite 1525 E
Atlanta, GA 30339
sakeena.lebenyearwood@allstate.com
*Counsel for Allstate Property & Casualty Ins. Co.*

This 14th day of March, 2024.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Foss Baker*

SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
FOSS BAKER
Georgia Bar No. 296402
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com
foss.baker@qpwblaw.com



EXHIBIT A